# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

JAMES P. RUTLEDGE

**JUDGMENT IN A CRIMINAL CASE**
**(For Revocation of Supervised Release)**

Case Number:  98-cr-00061-WDM-01

USM Number:  28269-013

Robert Pepin, AFPD
(Defendant's Attorney)

**THE DEFENDANT:**  Admitted guilt to violations 1 through 5, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Follow the Instructions of the Probation Officer | 05/21/2010 |
| 2 | Possession and Use of a Controlled Substance | 06/19/2010 |

The defendant is sentenced as provided in pages 3 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the Court file and retained by the United States Probation Department.

January 20, 2011
Date of Imposition of Judgment

Signature of Judge

Walker D. Miller, Senior U.S. District Judge
Name & Title of Judge

January 26, 2011
Date

DEFENDANT:  JAMES P. RUTLEDGE
CASE NUMBER:  98-cr-00061-WDM-01                           Judgment-Page 2 of 6

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possession and Use of a Controlled Substance | 06/26/2010 |
| 4 | Possession and Use of a Controlled Substance | 06/26/2010 |
| 5 | Failure to Participate in Treatment as Directed (Counseling) | 07/02/2010 |

DEFENDANT:  JAMES P. RUTLEDGE
CASE NUMBER:  98-cr-00061-WDM-01                                    Judgment-Page 3 of 6

## IMPRISONMENT

        The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eight (8) months.

        The Court recommends the defendant be given credit for time served as determined by the Bureau of Prisons.  It is further recommended the defendant be designated to FCI Englewood for service of sentence.

        The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

        Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                    _____
                                                    UNITED STATES MARSHAL


                                                    By_____
                                                        Deputy United States Marshal

DEFENDANT:  JAMES P. RUTLEDGE
CASE NUMBER:  98-cr-00061-WDM-01                                              Judgment-Page 4 of 6

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| | $0.00 | $0.00 | $101,610.17 |
| **TOTALS** | $0.00 | $0.00 | $101,610.17 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Norwest Bank Colorado<br>Fraud Investigation Unit<br>1740 Broadway<br>Denver, Colorado 80274 | $23,543.17 | $23,543.17 | |
| Colorado Springs Credit Union<br>3010 East Willamette Place<br>Colorado Springs, Colorado 80909 | $1,880.00 | $1,880.00 | |
| Rocky Mountain Bank and Trust<br>755 Cheyenne Meadows Road<br>Colorado Springs, Colorado 80906 | $7,541.00 | $7,541.00 | |
| Colorado National Bank<br>2555 South Colorado Boulevard<br>Denver, Colorado 80222<br>Attn: Lehman A. Dillon, Sr. Investigator | $4,499.00 | $4,499.00 | |
| Key Bank of Colorado<br>3300 East First Avenue<br>Denver, Colorado 80206-5810<br>Attn: Michael Caldwell, Vice President | $64,147.00 | $64,147.00 | |
| **TOTALS** | $101,610.17 | $101,610.17 | |

Restitution amount ordered pursuant to Plea Agreement: $101,610.17.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  JAMES P. RUTLEDGE
CASE NUMBER:  98-cr-00061-WDM-01                                      Judgment-Page 5 of 6

Interest on the restitution obligation will be waived, upon the Court's finding that the defendant does not have the ability to pay interest.

The defendant must pay interest on a fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options set forth below may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  JAMES P. RUTLEDGE
CASE NUMBER:  98-cr-00061-WDM-01                                    Judgment-Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The monetary obligation shall be due and payable in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court, unless otherwise directed by the Court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal, (3) fine principal, (4) fine interest, (5) penalties.